■ MINA B. ROSS, Appellant, v. CARL E. MARTIN, Respondent.— Appeal by plaintiff from a judgment entered upon a jury's verdict rendered at a Trial Term of County Court, Tompkins County. The jury reported a verdict of no cause of action on plaintiff's cause of action and a similar verdict on defendant's counterclaim. The action had been tried previously before a Justice of the Peace who had rendered judgment in favor of plaintiff for $312.75 after which defendant had appealed and demanded a new trial in County Court to which he was entitled as a matter of right. (Justice Court Act, § 442.) This negligence action is the result of a collision of automobiles at an intersection in the city of Ithaca, New York. Defendant was driving his automobile on South Meadow Street in a southerly direction toward where it is intersected by West Clinton Street. Just before the intersection, South Meadow Street passes over a bridge which has high steel girders on each side. Plaintiff was operating her vehicle in an easterly direction on West Clinton Street, was intending to make a left turn at the intersection and then proceed north on South Meadow Street. At the intersection, West Clinton Street is controlled by a stop sign. Plaintiff testified that at the stop sign she stopped, looked both ways and saw no cars approaching; that she cautiously drove into the intersection and looked to her left down South Meadow Street and saw nothing approaching; that she was in the center of the intersection when defendant's auto suddenly came over the bridge and struck her auto on its left side causing it to overturn. Defendant testified that he was proceeding across the bridge and was about even with the south end of the girders when plaintiff's auto " cut the corner " and " darted out " into his lane and the two autos collided. The Trial Judge correctly instructed the jury concerning the right of way rule and was under no obligation to charge plaintiff's request since it was, in effect, a repetition of the rule in different language. The Trial Judge also charged that section 81 of the Vehicle and Traffic Law requires a driver turning left at an intersection to pass to the right of the center of the intersection. Implicit in the jury's verdict is a finding that plaintiff was negligent. This is not contrary to the weight of the evidence. The jury could have found from the evidence that plaintiff's auto " darted out " into defendant's lane and/or that plaintiff did not keep to the right of the center of the intersection as she turned left. Judgment unanimously affirmed, without costs. Present — Foster, P. J., Coon, Halpern, Zeller and Gibson, JJ.